## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 15 2017, 6:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terrell A. Dodd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 15, 2017

Court of Appeals Case No.
33A01-1607-CR-1543

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1506-F6-146

**Vaidik, Chief Judge.**

# Case Summary

[1] Terrell Dodd appeals his convictions for domestic battery and invasion of privacy, challenging the sufficiency of the State's evidence. We affirm.

# Facts and Procedural History

[2] Dodd and A.S. have two young children, born in approximately 2009 and 2011. On August 20, 2013, A.S. filed a petition seeking a protective order against Dodd (A.S.'s petition is not in the record). The same day, Henry Circuit Court 2 issued an ex parte order that, among other things, required Dodd to "stay away from" A.S.'s residence. Ex. 1. The order was set to last two years. On August 26, Dodd filed a written request for a hearing on A.S.'s petition, in which he acknowledged that he received a copy of the ex parte order on August 23. The court granted the request and scheduled a hearing. However, the address Dodd had provided was no good, so he did not receive notice and did not appear for the hearing. The court vacated the hearing, and the ex parte order remained in effect.

[3] On May 15, 2015, Dodd went to A.S.'s house to address concerns about one of their children. According to A.S., Dodd got out of his car and started yelling at her before pushing her off her porch so he could get to the kids inside the house. A.S.'s knee hit a step, which "hurt." Tr. p. 124. Dodd, on the other hand, maintains that he did not go onto A.S.'s property, let alone push her, and that the children ran to him. A.S. and Dodd agree that the confrontation ended

when Dodd left with the couple's youngest child and A.S. called police. Officer Jason Boring arrived at A.S.'s house and noticed that she was red and sniffing, as if she had been crying. A.S. told Officer Boring that her knee hurt, and he saw and then photographed a small abrasion on her knee.

[4] The State charged Dodd with domestic battery as well as invasion of privacy (for going to A.S.'s residence in violation of the protective order). The jury found Dodd guilty on both charges, and the trial court sentenced him to a year in jail, all suspended to probation except for the few days that he had already served.

[5] Dodd now appeals.

# Discussion and Decision

[6] Dodd contends that the State did not present sufficient evidence to support either of his convictions. In reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the verdict. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis

of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[7] To convict Dodd of domestic battery as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that he touched A.S. in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code Ann. § 35-42-2-1.3 (West 2012).[1] Dodd acknowledges that A.S. gave testimony that would satisfy all of these elements, but he argues that we should find her testimony to be "incredibly dubious" and disregard it. Dodd correctly notes that the incredible dubiosity rule allows us to impinge upon the fact finder's responsibility to judge the credibility of witnesses "'where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt.'" *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011) (quoting *Whedon v. State*, 765 N.E.2d 1276, 1278 (Ind. 2002)). However, he then fails entirely to explain how A.S.'s testimony was inherently contradictory, equivocal, or coerced. In addition, there **is** circumstantial evidence of guilt, namely, Officer Boring's testimony that A.S. appeared to have been crying and that he saw an abrasion on her knee. The jury also saw Officer Boring's photos of the abrasion. Under these circumstances, Dodd cannot benefit from the incredible dubiosity rule.

---

[1] In 2016, the legislature amended the statute to eliminate the bodily-injury requirement. *See* P.L. 65-2016, § 34. Dodd was charged and convicted under the previous version.

[8] On the invasion-of-privacy charge, the State had to prove that Dodd knowingly or intentionally violated an ex parte protective order issued under Indiana Code chapter 34-26-5. *See* Ind. Code § 35-46-1-15.1(2). Dodd does not deny that the protective order was still in effect when he went to A.S.'s house, nor does he deny that the order required him to "stay away from" A.S.'s house. Rather, he contends that he "did not receive sufficient notice of the protective order." Appellant's Br. p. 9. But in his request for a hearing on A.S.'s petition, Dodd explicitly acknowledged that he received a copy of the order on August 23, 2013—an order that listed an expiration date of August 20, 2015. This evidence supports the jury's determination that Dodd knew he was violating a protective order when he went to A.S.'s house in May 2015. Dodd's reliance on his own testimony that he "never had a hearing" and therefore was not "ever aware of what the final outcome was for that protective order," Tr. p. 192, is nothing more than a request for us to reweigh the evidence, which we will not do. *See Wilson*, 39 N.E.3d at 716.

[9] Affirmed.

Bradford, J., and Brown, J., concur.